IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,815-01






EX PARTE DENNIS LEE GIDDINGS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4739-A IN THE 216TH DISTRICT COURT


FROM KENDALL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to twenty years' imprisonment. His did not appeal his conviction.

 Applicant contends that trial counsel rendered ineffective assistance because he told
Applicant that if he waited for a retrial, he would sit in the county jail for years, the trial judge would
find him guilty, and he would be sentenced to life. Applicant also contends that Article 26.13 of the
Code of Criminal Procedure is unconstitutional. This second ground is without merit. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall determine whether counsel told Applicant that if he waited for a retrial,
he would sit in the county jail for years, the trial judge would find him guilty, and he would be
sentenced to life. If the trial court finds that counsel told Applicant this, it shall also determine
whether this advice was deficient and rendered Applicant's plea involuntary. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 11, 2013

Do not publish